UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FABIAN KHAMO,

    Plaintiff,

v.

WARDEN OF CSP-SAC, et al.,

    Defendants.

No. 2:16-cv-1827-MCE-EFB P

ORDER GRANTING IFP AND DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, and has filed motion to amend the complaint, and a "motion for counsel and equitable tolling."

**I.    Request to Proceed In Forma Pauperis**

Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.    Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

1

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**III. Screening Order**

The court has reviewed plaintiff's amended complaint (ECF No. 6) pursuant to § 1915A and finds that it must be dismissed with leave to amend.[1] It alleges that defendant Duran, an

---

[1] Plaintiff has filed two complaints in this action. ECF Nos. 1 & 6. In screening this action, the court looks exclusively to the most recent amended complaint (ECF No. 6). *See Hal*

2

officer at California State Prison, Sacramento, assisted plaintiff in obtaining his mail. It also names the Director of the California Department of Corrections and Rehabilitation ("CDCR"), and the Wardens of California State Prison, Sacramento and the California Correctional Institution as defendants, but includes no factual allegations linking any of them to any violation of plaintiff's rights. The remainder of the allegations concerns events that allegedly arose in Kern County, at the California Correctional Institution in Tehachapi, California. Specifically, it alleges that Officer Duran threatened plaintiff and that Officers Martinez, Davis, and Campbell used excessive force against plaintiff. The complaint also names Sergeant Ruiz as a defendant but does not include any factual allegations linking Ruiz to any violation of plaintiff's rights. The complaint does not include a request for relief. For the reasons explained below, the complaint is dismissed with leave to amend.

First, the complaint fails to state a cognizable claim against any of the defendants alleged to be in Sacramento. In order to state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). It is not clear how Bettencourt violated plaintiff's federal rights by assisting plaintiff in locating his mail. Moreover, plaintiff may not sue a warden or the Director of CDCR simply because of their roles as supervisors, i.e., on the theory that they are liable for the unconstitutional conduct of their subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must

/////

---

*Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that an amended pleading supersedes the original). Accordingly, plaintiff's motion to amend the complaint (ECF No. 6) is denied as moot.

3

plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.*

Second, the complaint appears to improperly join unrelated claims in a single lawsuit. The Federal Rules of Civil Procedure do not allow a claimant to raise unrelated claims against different defendants in a single action. Instead, a plaintiff may add multiple parties where the asserted right to relief arises out of the same transaction or occurrence and a common question of law or fact will arise in the action. *See* Fed. R. Civ. P. 20(a)(2). Unrelated claims involving different defendants must be brought in separate lawsuits.[2]

Third, the court cannot determine whether venue in this division of the court is proper. The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). Tehachapi is in Kern County, which lies in the Fresno Division of the United States District Court for the Eastern District of California. E.D. Cal. Local Rule 120(d). If a second amended complaint reveals that there is no basis for jurisdiction in the Sacramento division of the court, the court may transfer the action to the proper division. E.D. Cal. Local Rule 120(f).

/////

---

[2] A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *Id.*

4

Lastly, Rule 8(a) requires a complaint to contain a demand for judgment for the relief sought. In any second amended complaint, plaintiff must include a request for relief.

For these reasons, plaintiff's amended complaint must be dismissed. Plaintiff will be granted leave to file an amended complaint, if he can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant. Any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

5

### IV. Request for Appointment of Counsel

Plaintiff has filed a "motion for counsel and equitable tolling." ECF No. 14. The motion is denied. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

### V. Summary of Order

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 11) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's motion to amend the complaint (ECF No. 6) is denied as moot.
4. Plaintiff's "motion for counsel and equitable tolling" (ECF No. 14) is denied.
5. The amended complaint is dismissed with leave to amend within 30 days. The complaint must bear the docket number assigned to this case and be titled "Second Amended Complaint." Failure to comply with this order may result in dismissal of this action for failure to prosecute and failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated: August 30, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE